May it please the Court. Good morning. David Firmino, Assistant Federal Public Defender on behalf of Petitioner-Appellant Manuel Pena. There are two primary issues before the Court this morning. And with respect to the Eighth Amendment issue, the issue that was pending as the United States Supreme Court or before the United States Supreme Court decided the Andrade case, I would intend to rely on the arguments set forth in our briefing unless the Court has any questions either with respect to exhaustion or the merits of the issue. I don't think so. It's pretty much controlled by Andrade, isn't it? I believe that we addressed that argument in our briefs. With respect to the ineffective assistance of counsel issue, I believe that the proper response for this Court is to remand the case back to the district court for a hearing with respect to whether or not counsel made the promise that Mr. Pena articulated in his declaration attached to his traverse, and I believe earlier as well, that counsel had promised that he would receive a one-year sentence if, in fact, he waived trial and proceeded to engage in essentially a slow plea. Counsel, don't you have a pretty significant hurdle to get around from the colloquy between the Court and the defendant when the Court specifically asked the defendant whether any promises have been made and he said no? Your Honor, I think that's correct. The Court did ask Mr. Pena whether any promises had been made, but he didn't specifically ask whether or not his counsel had made any promises, and I know that as part of the Rule 11 colloquy, certainly in federal court, district court judges take great pains to address a defendant and ask the defendant whether the counsel standing near defendant has made any promises with respect to a certain sentence, and the question was a very general and I think vague question, have any promises been made to you about what sentence you would receive in this case? He answered no. I think that with respect to the question, it was vague, and I think that had he been asked specifically whether his counsel had told him whether there would be a certain sentence, he would have replied as he did in the declaration attached to his traverse that she promised him a one-year sentence. Where was it first? Just help me on this. When did he first state clearly that his lawyer had promised him a one-year sentence? I think the first time that it is specifically articulated is in that declaration attached to the traverse. However, In which court? In district court before Judge Breyer. Well, so how did he exhaust the claim? How did the California courts have a fair chance to deal with this? I think that he did raise the question of waiver in the California Supreme Court on appeal. I think the specific factual assertion is not exhausted, but again I think that's a question for the district court to address because the district court didn't even address this argument at all. For some reason, and it's unclear to counsel why, the district court didn't reference Mr. Pena's argument raised in both his petition and in the traverse, specifically the promise and then more specifically the fact that the promise included a one-year sentence. So I think it's really more appropriate for the district court as an initial matter to make that inquiry and then to decide whether the claim was properly exhausted. Was he represented in the district court? And that's a good point. No, his petition was filed pro per, and again I think that's part of the problem. I think he was not counseled at the time of the initial filing, and as a result, had he been, he probably would have been more specific about the basis for the claim, as well as the filings in the California Supreme Court. All of those filings were pro per. All of the judges missed this argument. Well, Judge Breyer missed the argument. It was certainly squarely before the district court. There's no question that the fact that Petitioner's counsel or Defendant Venn's counsel promised him that he would receive a one-year sentence was in the record before the court, and the court did not address that factual contention in its decision. And the trial court never had any opportunity to inquire about this, about this claim. That's correct. I think that the case law is clear that when a petitioner alleges facts outside the record that demonstrate a federal constitutional claim with respect to a record of a plea hearing, that they're entitled to an evidentiary hearing, and I think that's true even when there is an exemplary Rule 11 colloquy presented to this court. I think here the question that was asked earlier about whether or not the question addressed to the defendant was sufficient should be addressed as an initial matter by Judge Breyer. I think that the district court is in a better position to hold a hearing and to flush out the facts with respect to just what happened at the plea colloquy in the superior court, and I think that that's the appropriate result here. I think only with a remand can we both have an answer with respect to what happened factually at that hearing and also with respect to whether or not the claim is properly exhausted in the California Supreme Court. And unless there are any other questions, I would reserve the remainder of my time for rebuttal. You may do so. Thank you. Good morning. May it please the Court. Juliet Haley appearing for the Respondent Appellee. Just to take a moment to put this case a little bit in perspective. This was, as the Court knows, that this case was fully briefed as a pro se, with a petitioner proceeding pro se on neither of the issues we're talking about here today. The issue was whether or not counsel was ineffective in having a petitioner agree to a slow plea and focusing on the three strikes application. And after Andrade was decided, the Court, on its own motion, expanded the COA, appointed counsel, and asked the question whether, you know, what about Andrade, and was the issue even preserved. And then since then, the U.S. Supreme Court, because it wasn't raised in the district court or before the California Supreme Court. Which wasn't the Andrade? Right. It wasn't raised either place. After the United States Supreme Court decided that issue, counsel submits his brief, nonetheless arguing Andrade and then raising this new issue, which, again, had not been ruled on. Well, I guess that's the question. Is it really a new issue? Yeah, I believe it is. I mean, it's. . . He claims that he's been arguing ineffective assistance of counsel all the way through. Yeah, he has been arguing ineffective assistance of counsel. What he's been arguing is that counsel was ineffective in making the decision to forego having a jury trial on the substantive offense and instead focusing on the application of the three strikes law to this particular defendant. This case occurred at a time California had relatively recently passed the three strikes law, so there were all these issues about its application and whether or not a petty theft of the prior qualified, whether the trial court had discretion. And he actually, this counsel convinced Judge Artisan, one of the first ones notwithstanding that there had been court of appeal decisions, to the contrary, that he had discretion to strike. He looked at this defendant and chose not to exercise it. But it's ludicrous to me to think that this got on its face, that he was misadvised that he would get one year if he pled, because the whole hearing, the whole purpose of the foregoing the trial, tremendous briefing. Many trees were lost on the briefing of the three strikes application. Everybody knew what the stakes were here. Kagan in the state trial court? Yeah. I mean, I'm just talking about the merits of it if we ever, you know, if this Court concludes that it was exhausted. So, but in terms of exhaustion, it was not presented, this idea that he was misadvised that he would get one year was not submitted to any court. I mean, it appears in a, as he indicated in his declaration in his traverse, that's just not sufficient. And if I take it, help me, I take it that the whole point of this slow plea thing was to, was to get a shot at getting a year sentence because they, to give, to, if the judge would have discretion and he would have a shot at actually getting the one-year sentence instead of having it treated as a. Yeah, the point of the slow plea was that the case was a dead case. I mean, he had been seen on surveillance taking the material out of the store. He was arrested right there in possession. I mean, that was just that the actual merits of the substance offense was not going anywhere. And so instead, counsel, I mean, filed, you know, you can't believe how many motions fighting every single aspect. You know, the legitimacy of his priors. You know, that was where the focus was. And as I said, this was a case, this was like a year or so after the law had been passed and there were numerous unresolved issues about its application. And that's where she chose to focus. And Judge Arneson, as I said, went against where we thought things were going until the Supreme Court decided Romero and agreed with Arneson that the trial court did have discretion. Arneson said, I do have discretion, wrote a lengthy memorandum of decision,  But looked at the defendant and said, you know, you've got four robbery convictions. You've got an assault with a deadly weapon. You have a long history. I don't think you're outside the spirit of the scheme. That's the language within this restriction. I'm not going to exercise it on your behalf. So he got it. You're saying his lawyer did a good job. Yeah. I think she did the best job possible. I mean, given the case that she was, you know, arguing. The state court petition does raise ineffective assistance, at least in a general way, right? Yeah. The specific claim is that, I mean, what she argued throughout the state court proceedings is that she should not, given that the stakes were so high, she should not have waived jury trial and had a slow, you know, or advised him to waive jury trial and had a slow plea and focused. That's, I mean, and it's a tactic. It was clearly a tactical decision on her part. Well, so your position is that although maybe ineffective assistance was raised in a general way, petitioner didn't raise a specific claim about, you know, being misadvised or being promised one year sentence. Right. That was never brought to the attention of state courts? Of any court, state court, federal court, district, I mean, Judge Breyer, district court. No, he's never made the allegation that, I mean, that's, you know, granted it's within the umbrella of stricken claims, but it's not proper to exhaust by coming up with a completely different factual theory and allegation. He says it was in the traverse in the district court. And I don't see how things raised in the traverse can possibly. Agree that it is in there. Yes, absolutely. That's not sufficient to, right. Well, let's assume that we can take a look at that issue. What's your response on the merits of the issue as he presented it a little while ago? I think, as I indicated before on the merits, you have a straight colloquy where he's been asked directly, has any promises been made? Arneson took pains to go through two waivers with him because, again, of the stakes, being very careful. And if you look at the circumstances of the case, the whole, the whole, the litigated issue is this application of the three strikes law. That's what everybody's, that's what the whole fight is about. So the idea that he was promised, you enter a slow plea and I'll get you a year, is absurd in the context of this particular case. It was a test case in a sense. It was a test case in terms of we're going to litigate every single three strikes issue because you are presumed to be within the scope of the three strikes issue. And she was trying to get him out of it through convincing the court legally that as a matter of law it had discretion to strike his strikes, to not apply them. I take it the state was arguing that you don't have any discretion. That was the prevailing, yeah. And then, as I indicated, Judge Arneson, you know, ended up making the right call because he said, I do have discretion, and ultimately the Cal Supreme Court agreed with him in Romero. But that was, you know, a year or two later. So this was decided before Romero? Yes. So the counsel really, you know, did a great job convincing him. He was literally, there were court of appeal decisions going against him, and he said, I don't care, I think I have discretion under the state law. Okay. If there aren't any further questions, I would submit the case.  Thank you. Mr. Firmino, let me ask you, what can you point to to show that this issue was raised in the state court? In other words, it's exhausted. I think that Mr. Pena, as a proper appellant in the California Supreme Court, raised the question, raised the claim generally. And I think that. The claim of ineffective assistance. That's correct. And I think that under the long line of cases that stand for the proposition that a proper pleading should be construed as liberally as possible, I think that this Court should look at those pleadings as containing a claim that it certainly included the factual or potentially included the factual assertion that his lawyer made this promise. It wasn't until. The problem with that argument is that that kind of ineffective assistance claim is different from the other types of claim raised in this case. And unless it's raised specifically that the state court has no opportunity to rule on it, right? But they did have an opportunity to rule on the ineffective assistance of counsel. But where in the record would the California Supreme Court know that he was, that he thought that he had been promised a year? In reading through everything that happened in the trial court and the appellate proceedings. I would have to concede that that's not, that specific fact was not before the California Supreme Court. But I do believe that, and the point I made earlier and I want to stress here is that I believe that Judge Breyer should be in the position following a remand to make a decision with respect to exhaustion before this Court makes that decision. I see. Okay. Thank you. Okay. Thank you. The case just argued is submitted for decision.
judges: Schroeder, O'scannlain, Tashima